UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PEEK,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 14-20135-01

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE [46]**

Petitioner William Peek pled guilty to a charge of conspiring to traffic five hundred grams or more of cocaine. (Dkt. 35.) As a result, he received a statutory minimum term of 60 months. (Dkt. 41.) Petitioner did not seek direct appeal. Now, relying on *Pepper v. United States*, 562 U.S. 476 (2011), Petitioner moves under 18 U.S.C. § 3582(c)(2) for a reduced sentence based on the rehabilitative efforts he has undertaken since conviction. For the following reasons, his motion is DENIED.

Where, as here, a petitioner seeks a reduced sentence under Section 3582(c), the Court's authority is narrow. Courts generally may not change or modify a previously imposed sentence unless expressly authorized by statute. *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). And "[n]either 18 U.S.C. § 3582 nor any other provision allows the Court to reopen an imposed sentence based on post-sentencing rehabilitation." *United States v. Moore*, 930 F. Supp. 2d 141, 145 n.3 (D.D.C. 2013); *see also United States v. Turman*, 465 F. App'x 497, 499-500 (6th Cir. 2012) ("Section 3582 does not

contemplate the lone claim arguably preserved on appeal: the relevance of rehabilitation evidence to a sentence reduction after *Pepper*.").

As to Petitioner's argument that the Supreme Court's holding in *Pepper* authorizes this Court to reduce his sentence based on post-conviction rehabilitation, Petitioner is incorrect. *Pepper* authorizes courts to consider post-sentencing rehabilitation during *re-sentencing* when a defendant's sentence has been set aside on appeal and remanded. 562 U.S. at 490. It "simply does not create additional authority for *modifying* a sentence." *United States v. Clipper*, 179 F. Supp. 3d 110, 115 (D.D.C. 2016) (emphasis added); *see also United States v. Clavielle*, 505 F. App'x 597, 598 (7th Cir. 2013) (holding that *Pepper* did not authorize a sentence reduction based on rehabilitation where the sentence was not set aside on appeal or remanded); *United States v. Waites*, 500 F. App'x 822, 824 (11th Cir. 2012) ("The [*Pepper*] decision does not provide that post-sentencing rehabilitation itself opens the door to sentence modification.") (internal citations omitted). Therefore, the Court finds that it has no authority to reduce Petitioner's sentence based on his post-conviction rehabilitation. While the Court applauds Petitioner's rehabilitative efforts, his motion to reduce his sentence under 18 U.S.C. § 3582 must fail and is accordingly DENIED.

SO ORDERED.

                                                             s/Nancy G. Edmunds  
                                                             Nancy G. Edmunds  
                                                             United States District Judge

Dated:  January 11, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2017, by electronic and/or ordinary mail.

                                                             s/Kelly Winslow for  
                                                             Carol Bethel, Case Manager