UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIAM PEEK,

        Defendant.

_____/

Case No. 14-20135

Honorable Nancy G. Edmunds

**ORDER TRANSFERRING DEFENDANT'S 28 U.S.C. § 2241 PETITION FOR LACK OF JURISDICTION [51]**

Defendant William Peek, who is currently confined at the Federal Correctional Institution in Terre Haute, Indiana, has filed a 28 U.S.C. § 2241 petition, naming his custodian as the respondent. (Dkt. 51.) The petition seeks injunctive relief from the decision by the Bureau of Prisons (BOP) to refuse Defendant a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) despite his completion of a residential drug abuse program. (*Id.*) For the reasons that follow, the Court concludes that jurisdiction over Defendant's petition lies in the United States District Court for the Southern District of Indiana and orders that the petition be transferred to that district.

A 28 U.S.C. § 2241 petition must be filed in the district court that has jurisdiction over the inmate's place of confinement. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) ("[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255,…and that claims seeking to challenge the execution or manner in which the

sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."). Here, Defendant is incarcerated in Terre Haute, Indiana. Accordingly, this Court does not have jurisdiction to resolve his § 2241 claim. His challenge to the BOP's execution of his sentence must be resolved by the appropriate jurisdiction in Indiana.

Under 28 U.S.C. § 1631, a district court lacking jurisdiction must transfer the action to the appropriate jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). When a district court in which a habeas petition was filed lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte. Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813-14 (D.C. Cir. 1988); *Mathis v. Merlak*, 2016 WL 7157403, at *2 (E.D. Mich. Dec. 8, 2016); *Bursey v. Recktenwald*, 2016 WL 8677296, at *1 (E.D. Mich. Feb. 12, 2016). Here, the Court lacks personal jurisdiction over the respondent and finds that the interests of justice warrant transferring Defendant's petition. Simply dismissing the petition would be injudicious because the United States Attorney for the Eastern District of Michigan has filed a response to Defendant's petition, arguing that it "should be granted." (Dkt. 57, at 8.)

In light of the foregoing, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Southern District of Indiana.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 13, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 13, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager